
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**Memorandum and Order on** *in limine* **Motions**

IN RE ASBESTOS LITIGATION

91-MD-875



KELLY McCORMICK, individually and as
Executrix for the ESTATE OF KIT L.
McCORMICK,

              Plaintiff,

    -against-

BURNHAM LLC & CLEAVER BROOKS
CO., INC., ET AL.,

              Present Defendants.

04-CV-2405

JACK B. WEINSTEIN, Senior United States District Judge:

    Plaintiff Kelly McCormick brought this action, individually, as wife on behalf of her

deceased husband Kit McCormick, and as administrator of his estate, against several defendants.

Her theory is that injuries suffered by Mr. McCormick were caused by exposure to products

containing asbestos negligently manufactured or sold by those defendants. Her claims against all

but these two of the originally-sued defendants have been resolved through settlement or

voluntary dismissal. Only cases against Burnham LLC and Cleaver Brooks Company, Inc.

remain open.

    The matter is set for trial.

    Mr. McCormick was diagnosed with mesothelioma in September 2004; he died in August

2005. *See* Ex. B, Mem. L. Supp. Def. Burnham's Mot. in Limine ("Burnham Mem."), Jan. 3,

2013, CM/ECF No. 49-2. He was a resident of Kansas and worked at McConnell Air Force Base

1



in Wichita as a boiler operator from 1974 to 1998. *Id.* Plaintiff alleges that he was exposed to asbestos-containing products manufactured or supplied by each defendant without adequate warnings concerning mesothelioma, from which he suffered during his lifetime and which caused his death. *Id.*

Defendants' motion *in limine* seeks to apply Kansas law to the allocation of any damages awarded against defendants. *See* Burnham Mem., CM/ECF No. 49. Kansas being the location of plaintiff's domicile and where he suffered injury, its interest in regulating the conduct and potential liability at issue in this case is predominant. Kansas law will govern plaintiff's claims, pursuant to agreement of the parties and the center of gravity. *See Schultz v. Boy Scouts of Am., Inc.*, 65 N.Y.2d 189, 197 (1985) ("'[T]he law of the jurisdiction having the greatest interest in the litigation will be applied.'") (quoting *Miller v. Miller*, 22 N.Y.2d 12, 15-16 (1968)). Kansas's doctrine of comparative fault and its caps on non-economic damages and wrongful death claims apply.

Kansas has adopted the doctrine of comparative negligence. It requires a finding of the individual liability for damages of each defendant, limited to its proportionate fault. *See* Kan. Stat. Ann. § 60-258a. In ascertaining a defendant's individual liability, the jury will be required to compute each individual defendant's percentage of fault in the negligence (including consortium) and death actions brought against it.

The burden of proof by a preponderance is on plaintiff to prove all elements of its negligence, consortium and wrongful death contentions.

The burden of proof is on each defendant to show its percentage of liability—less than 100% for each of them—by a preponderance of evidence. *See Glenn v. Flemming*, 240 Kan. 724, 726-27 (1987).

2

The percentage of fault attributed to the government, any producer and defendants' contributory negligence may be relied upon by defendant in reducing its percentage of liability. *See Wooderson v. Ortho Pharm. Corp.*, 235 Kan. 387, 412 (1984), *cert. denied*, 469 U.S. 965 (1984) ("[A] defendant who seeks to reduce his percentage of fault by comparing the fault of another party has the burden of proving the other party's fault by a preponderance of the evidence".) (citing *McGraw v. Sanders Co. Plumbing Heating, Inc.*, 233 Kan. 766 (1983)); *Gust v. Jones*, 162 F.3d 587, 593 (10th Cir. 1998).

The consortium cause of action belongs to the person injured—not the spouse. *See* Kan. Stat. Ann. § 23-2605 (cause of action for consortium vests "solely in such person [who sustained personal injuries]).

A cap of $250,000 applies to the total of non-economic damages in plaintiff's personal injury action and a separate cap of $250,000 applies to the wrongful death claim. *See* Kan. Stat. Ann. § 60-19a02(b) ($250,000 cap on non-economic damages on personal injury claim); Kan. Stat. Ann. § 60-1903(a) ($250,000 cap on wrongful death claim).

The jury will not be instructed of these caps.

The court will reduce awards for non-economic damages, negligent causation of non-economic damages during life (including consortium claims) which exceed the cap of $250,000. *See* Kan. Stat. Ann. § 60-19a02(d). A separate cap of $250,000 will be applied by the court in the death action for total non-economic post-death damages. *See* Kan. Stat. Ann. § 60-1903(b)

The starting point for imposing applicable caps will be the total award determined by the jury for the cause of action. Where the jury allocates fault among several contributing persons or entities pursuant to the comparative negligence statute, the court will first reduce each defendant's damages so they are proportionate to the percentage of fault attributable to that

3

specific defendant. *Adams v. Via Christi Reg. Med. Cntr.*, 270 Kan. 824, 832 (2001). "[W]hat remains after deduction of any percentage of the [uncapped] damage award imputed to [the defendant] is the 'aggregate sum' to which the statutory cap is applied." *Id.* If the fault attributed to a defendant on an award subject to the statutory cap is less than $250,000, no further deduction need be applied. *See Foster v. Wal-Mart Stores, Inc.*, 99-CV-1242, 2000 WL 1117326, at *1 (D. Kan. July 11, 2001) (percentage of fault first applied to damages found by jury and then cap applied).

The parties shall promptly provide a detailed verdict sheet based on the above findings. *See* the sample incomplete verdict sheet for illustration (below).

A full proposed jury charge with all elements, all claims and all definitions shall be promptly provided by each party.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: January 22, 2013
Brooklyn, New York

4