UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ASBESTOS LITIGATION | **Memorandum, Order and Judgment**<br><br>91-MD-875 |
| KELLY McCORMICK, individually and as Executrix for the ESTATE OF KIT L. McCORMICK,<br>               Plaintiff,<br><br>-against-<br><br>CLEAVER BROOKS CO., INC., ET AL.,<br>               Present Defendant. | 04-CV-2405<br><br>FILED<br>IN CLERK'S OFFICE<br>U.S. DISTRICT COURT E.D.N.Y<br>★ JAN 31 2013 ★<br>BROOKLYN OFFICE |

**JACK B. WEINSTEIN, Senior United States District Judge:**

    The deceased was exposed to asbestos while he worked on a variety of boilers at an Air Force base in Kansas and at other locations. He sued the defendant, the boiler-maker Cleaver Brooks Co., Inc. ("Cleaver Brooks"), and others alleging his injuries and death were caused by asbestos-containing products manufactured or used by them. Cleaver Brooks supplied some dozen boilers containing asbestos to the base. Claims against the other defendants have been terminated.

    The case against Cleaver Brooks was tried before a jury, applying Kansas law by stipulation and under general choice-of-law rules. *See* Mem. and Order on *in Limine* Motions, 04-CV-2405, Jan. 22, 2013, CM/ECF No. 82. The parties agreed upon the jury charge, explicating Kansas law and its pattern jury instructions, as well as the verdict sheet submitted to the jury. *See* Trial Tr. 420-30, Jan. 24, 2013.



1

Under Kansas law, the burden of proof with respect to the percentage of individual liability of defendant and other non-party persons contributing to the total damages must be established by the defendant through a preponderance of the evidence. *See Glenn v. Flemming*, 240 Kan. 724, 726-27 (1987). The percentage of fault attributable to the defendant is applied to the verdict reached by the jury. *Id.* Non-economic damages in the negligence and consortium claim (belonging to the injured person and not his spouse) are limited to a total of $250,000. *See* Kan. Stat. Ann. § 60-19a02. A separate $250,000 cap for damages in the wrongful death action is also applied. *See* Kan. Stat. Ann. § 60-1903(a).

Set out below is the calculation of damages awarded in three columns. Column 1 includes the total amount of damages awarded by the jury. Column 2 provides the amount of damages assessed against defendant, based on the jury's allocation of 60% of total fault for plaintiff's injuries to Cleaver Brooks. Column 3 applies the caps of $250,000 for non-economic damages. Total damages are $980,000.

|  | **Column 1**: Total Amount Awarded by Jury | **Column 2**: Amount Attributable to Defendant (60%) Before Application of Caps | **Column 3**: Amount Attributable to Defendant (60%) After Application of Caps |
|---|---|---|---|
| Negligence Action—Economic Damages | $100,000 | $60,000 | $60,000 |
| Negligence Action (Including Loss of Consortium)—Non-Economic Damages | $1,500,000 | $900,000 | $250,000 |
| Wrongful Death–Economic Damages—Loss of Marital Services and Care | $300,000 | $180,000 | $180,000 |
| Wrongful Death—Economic | $400,000 | $240,000 | $240,000 |

| | | | |
|---|---|---|---|
| Damages—Loss of Additional Amount of Money to estate that Kit McCormick Would Have Left Were It Not For His Death | | | |
| Wrongful Death—Non-Economic Damages | $1,500,000 | $900,000 | $250,000 |
| **TOTAL** | | | **$980,000** |

The findings of the jury on total non-economic damages of $3,000,000 were excessive. They were appropriate when reduced pursuant to Kansas law to $500,000. The total amount of economic damages allocated against defendant of $480,000 was justifiable. The verdict of $980,000 was supported by the evidence.

The clerk of the court is directed to enter a judgment of $980,000 against defendant. Judgment is stayed until February 25, 2013 to permit the defendant to make any appropriate motion.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date:  January 28, 2013
       Brooklyn, New York

3